Sortore v. Scott.

---

CYNTHIA SORTORE, Respondent, v. RUFUS SCOTT, Administrator of HENRY SORTORE, deceased, Appellant, impleaded, etc.

(GENERAL TERM, FOURTH DEPARTMENT, MARCH, 1871.)

The *cestuis que trust* are vested with an absolute title to funds set apart from the assets of an estate as trust funds, and may maintain an action for their mismanagement and loss.

It seems a plaintiff may make a case entitling him to part of the relief which he demands, and be refused other relief for failure to join with himself other necessary parties.

It seems that the rule which denies a right of action against the representatives of a deceased joint debtor and the survivor, until the remedy is exhausted against the latter, unless he is insolvent, does not apply to the case of breach of trust by trustees.

But that the representatives of a deceased trustee are properly joined with the surviving trustee in an action for breach of trust happening during the deceased trustee's life.

But a plaintiff cannot unite a right of action for breach of trust, against a surviving trustee, and the representative of his deceased co-trustee,

with a claim for interest, of trust funds, recoverable, against the surviving trustee as surviving executor of the estate from which the trust funds have been set apart ,in an action at law.

Nor can the *cestui que trust*, entitled to interest of the trust fund during life, have an action to compel the trustees to give security for moneys lost by their breach of trust, and an accounting, or to recover the moneys lost, without joining those owning the remainder.

THIS was an appeal by the defendant Scott, as an executor of Henry Sortore, deceased, from an order of Special Term, overruling his demurrer to the plaintiff's complaint.

On the 30th January, 1864, William Sortore died in the county of Allegany, leaving a will, in and by which, he bequeathed to his executors the sum of $2,000 in trust, to receive the interest thereof and pay the same to his wife (the plaintiff in this suit) during her natural life, and after her death the principal sum to be equally divided between his children, eight in number.

Jesse Sortore and Henry Sortore were appointed executors of said last will.

On the 7th March, 1864, said will was duly proved before the surrogate of Allegany county, and the executors named therein received letters testamentary and took upon themselves the duties of such office.

Henry Sortore, one of the said executors named in said will, departed this life on the 23d March, 1869, and the defendants, Jesse Sortore and Rufus Scott, were duly appointed administrators of his estate.

The plaintiff, being the widow of said testator and one of the *cestuis que trust* under the said will, brings this action to compel the defendants to account to her for the interest due to her, from said $2,000, and compel the defendants to give security for the faithful performance of their trust in the future, or, failing in this, that they be removed and another trustee appointed.

The complaint, after setting out the aforesaid facts, charges that the testator left a large amount of real and personal estate, sufficient to pay all his debts and funeral expenses,

Sortore *v.* Scott.

and all the legacies given by said will, including said $2,000

That the said executors received from the estate of the testator said sum of $2,000. That being unmindful of the trust reposed in them, and to accommodate a friend, one Van Canter, entrusted $1,000 of said $2,000 so received by them, in his hands, without adequate security; and although there is a large amount of interest due, to wit, the interest on $2,000 for more than a year, yet defendants refuse to pay the same or to account to plaintiff therefor, on the pretence that said Van Canter has failed and is unable to pay any part of said $1,000, and that plaintiff is bound to bear the loss.

The plaintiff, demands the relief above stated.

To this complaint the defendant, Scott, demurred, and specified the following grounds:

1st. The complaint does not state facts sufficient to constitute a cause of action.

2d. It does not state facts sufficient to constitute a cause of action against said Scott, as administrator, nor against him and Sortore, administrators of Henry Sortore, deceased, as one of the executors of William Sortore, the testator.

3d. There is a defect of parties. The children of the testator should be joined as plaintiffs.

4th. There is a misjoinder of causes of action, to wit, a demand due from Jesse Sortore as surviving executor, with a demand due from Jesse Sortore and Scott, administrators of the estate of Henry Sortore, deceased, another of the executors of the last will of said William Sortore, deceased.

The Special Term overruled the demurrer with costs, and gave the defendant leave to answer in twenty days on payment of costs.

From this order the defendant appeals.

*Jones & Spargur*, for the appellant.

*Hamilton Ward*, for the respondent.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

MULLIN, P. J. The cases in which a *cestui que trust* can maintain an action at law against a trustee are very few in number, and this is not of that number. A court of equity is the proper tribunal to adjust the rights and liabilities of persons who occupy that relation. (Hill on Trustees, 42; id., 518 and notes.)

This action must be held to be an equitable one, therefore, and we are to look to the adjudication of the courts of equity to guide us in determining the questions arising on the demurrer.

The complaint alleges a breach of trust by the trustees in the lifetime of Henry Sortore, the deceased executor; and as that breach consisted in the neglect of both to obtain proper security on loaning the trust moneys, both trustees are presumptively liable for the breach. (Hill on Trustees, 309, 310 and notes.)

Such an act by trustees is a breach of trust. (Id.)

The complaint charges that the trustees set apart from the assets of the estate of the testator the sum of $2,000, as the fund required by the will to be invested, and the interest paid to the plaintiff.

This allegation is admitted by the demurrer.

In the case of *Lietch* v. *Wells* (48 Barb., 637), the right of *csstuis que trust* to maintain an action for breach of trust is established.

In that case the testator died, having made a will, by which he gave to his executors in trust $25,000 to be invested, and the interest to be paid to his daughter during her life; and, from her death, to he held in trust for her children. The executors became insolvent and a receiver was appointed. The executors transferred to the receiver all the assets of the estate in their hands except $25,000 in the stock of a certain bank, which they retained as trustees for the daughter of the testator and her children, which had been set apart for the purposes of said trust.

Those shares of the stock came to the surviving executor, and he fraudulently disposed of them for his own purposes.

The mother and her children, the *cestuis que trust*, under said will, commenced an action in this court to recover the legacies given to them, and claiming the stock set apart for them as above stated.

The mother died, and the suit was continued in the name of the children.

It was held that, by setting apart the stocks, the *cestuis que trust* became the owners of, and vested with, the absolute title to said stocks, and that the transfer by the trustee was void.

As both the plaintiff and her children are interested in the funds set apart pursuant to the will, both are interested in its protection. And in an action brought to remove trustees, or to compel them to give security, both should unite; otherwise both the plaintiff and the children might bring separate actions to obtain the same relief. (*Munech* v. *Cocknell*, 8 Simons, 219–231.)

In the recovery of the interest remaining unpaid the plaintiff alone is interested, and she may maintain an action in her own name therefor.

The complaint contains no material allegations not proper to be made in a complaint to recover the interest, unless it may be such as relate to the death of one of the executors and the appointment of administrators for his estate; and these are necessary if the surviving executors and the representatives of the deceased one may be joined as defendants.

There is not an improper joinder of causes of action in this complaint; but more extensive relief is demanded than the court will grant unless other parties are brought in.

The relief given has reference to the parties that are before the court. One plaintiff may make a case entitling him to part of the relief demanded, but will be refused other relief because he has not joined with himself other parties necessary to entitle him to it.

The allegation in regard to the death of one of the executors may be stricken out on motion, and the action be continued for the collection of the interest only.

The defect, if any, is not a ground for demurrer. (Code, § 144, sub. § 5, and note thereto.)

The important question in the case, however, is whether the plaintiff can maintain the action against the administrators of the deceased executor without showing by the complaint that she has exhausted her remedy against the survivor, or that he is insolvent.

If the same principle applies to trustees and *cestuis que trust* that applies to joint debtors and their creditors, this action cannot be maintained, for it is considerably settled that in the case of joint debtors the representatives of a deceased co-debtor are not liable, unless the survivor is insolvent or the remedy at law against him is exhausted. (Hill on Trustees, 1576, 1577; 4 Abb. Dig., 319, title Partnership, § 277, *et seq.*)

The Code has not changed the rule. (*Voorhis* v. *Childs,* 17 N. Y., 354.)

A different rule prevails in courts of equity in England. (2 Williams on Exrs., 1577, 1578.)

I am satisfied that the same rule does not apply to trustees that is applied to joint debtors.

In England, it is well settled that the representatives of a deceased trustee may be joined with the surviving trustee in an action in equity founded on a breach of trust. (Hill on Trustees, 520; *Lyon* v. *Kingdon,* 1 Coly, 184; *Knotchbull* v. *Fearnhead,* 3 M. & Cr., 122; *Munch* v. *Cockerell,* 8 Simons, 219.)

In none of the cases that I have examined is it suggested that the right to join the representatives of the deceased executor with the survivor rests in any degree on the joinder, in cases of joint debtors.

It seems to be applied to cases of breach of trust, not by reason of any analogy to any other class of cases, but because it properly applies to them.

When an account of the assets is sought, the representatives of a deceased executor must be joined with the surviving

executor. (*Hall* v. *Austin*, 2 Coly, 510 ; *Holland* v. *Prior*. 1 Myl. & K., 237; 2 Williams on Executors, 1827.)

There are considerations' which make it proper, in case of the death of a partner, that a creditor desiring to proceed in equity against the representatives of a deceased partner should allege and prove the insolvency of the surviving partner, that have no application to an action against a surviving trustee and the representatives of a deceased one for breach of trust.

In the case of partners, the partnership property is primarily liable for the partnership debts, and the surviving partner, as between him and the representatives of his deceased partner, is primarily liable for such debts, because he is in law and in fact the legal owner of the partnership assests, and is himself also individually liable for them. It is but just, the partnership effects should be applied to the payment of the partnership debts before the individual property of the deceased, to which his individual creditors have the better right, should be applied to the partnership debts.

But when the action is for breach of trust, it is in effect for a personal tort, of which both the survivor and the deceased were personally liable, and the individual property of each may be appropriated to redress the wrong.

There is no joint property either legally or equitably primarily liable, and the liability of the joint property is the reason why resort must be first had against the survivor.

If an action at law lay for breach of trust it must necessarily be brought against the surviving trustee. But as the remedy is in equity, its rules as to the joinder of parties apply and they make it necessary to unite all who ought to contribute to the redressing of the wrong.

I do not find that the attention of our courts has ever been called distinctly to the question, so that it can properly be said to have been decided.

The question might have been raised in *King* v. *Talbot* (50 Barb., 453, and which was affirmed in 40 N. Y., 76).

That was an action by a *cestui que trust* against the sur-

ving trustee and the personal representatives of a deceased trustee to compel an accounting and the payment of what might be found due to plaintiff on account of her legacy.

It was not suggested by the counsel for the defendants that there was an improper joinder of parties defendant, and I am quite sure the counsel who argued the case for the defendants in both courts would not have overlooked or waived so obvious a defect had he supposed it existed. Nor would the defect have escaped the attention of the judges of both courts in which the case had been carefully considered, although they might not have deemed themselves at liberty to dismiss the action because of the improper joinder of defendants.

The only serious difficulty to the joinder arises from the different judgments that must be entered in case the plaintiff establishes a cause of action; against the survivor it must be *de bonis propriis*, against the representatives it must be *de bonis testato rio*.

A court of law could not render both these judgments in the same action. Courts of equity, however, have found no difficulty in rendering such judgment, as is shown by the practice in the English courts.

My conclusion is that the surviving trustee and the representatives of the deceased one are properly joined.

Assuming that the representatives of the deceased trustee are properly joined, they are liable personally only to the extent of the assets which have come to their hands properly applicable to the payment of the claim for which the action is brought.

On the death of Henry Sortore, the trust devolved on the surviving trustee.

The administrators of Henry have nothing to do with the trust funds; they can discharge none of the duties of the trust, and cannot be compelled to give security for the fund, and, not being trustees, they cannot be removed.

In these portions of the relief sought, they have no interest, and hence the action cannot be prosecuted against them for any such purpose.

It is alleged that the defendants refused, on demand, to pay the interest or replace the $1,000, and this demurrer admits. So far, then, as a demand is essential to a right of action, it is a conceded fact in the case.

The defendants' counsel insists that there was no breach of trust during the life of Henry, but, on the contrary, it occurred after his death.

This is a mistake. The complainant distinctly avers that both loaned the money and both were guilty of carelessness and negligence in reference thereto. This is admitted by the demurrer, and must be taken as true.

If these views are correct, it follows, 1st, that the plaintiff cannot unite in one action a claim for the interest due her under the will and the equitable relief claimed in the complaint. The interest is recoverable against the surviving executor in an action at law.

2d. If she elects to prosecute the action in order to obtain the equitable relief, the claim for interest must be abandoned and the complaint amended by striking therefrom all allegations in reference thereto.

3d. If the plaintiff desires an accounting, and that security be given for the $1,000 which has been lost, the other legatees must be made parties to the action.

4th. If she desires to recover the money lost by the misconduct of the trustees, the other legatees are proper parties, and the representatives of the deceased executor are properly joined.

5th. That these two causes of action may be united in the same complaint.

The order of the Special Term must be reversed and judgment ordered for the defendant on the demurrer, with leave to plaintiff to amend within twenty days from service of a copy of this order, on payment of costs in the Special Term and of the appeal.