(118 App. Div. 213)

## ALLEN v. O'BRYAN.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

1. CONTRACTS—LEGALITY OF OBJECT—PAYMENT OF ADMINISTRATIVE OFFICER'S EXPENSE.

The giving of $200 to the governor of a province in Panama to defray his expenses to the capital to confer with the president of the state concerning the granting of mineral concessions to the person furnishing the money would not be the use of money for an unlawful or immoral purpose.

2. PRINCIPAL AND AGENT—RIGHT OF PRINCIPAL TO ACCOUNTING.

Where a plaintiff gave defendant money to be expended for a specific legal purpose, defendant could be required to account for it.

Appeal from Special Term, New York County.

Action by Perry Allen against Henry J. O'Bryan.  From a judgment for defendant, plaintiff appeals.  Reversed, and new trial granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and SCOTT, JJ.

Maxwell C. Katz, for appellant.

Henry J. O'Bryan, for respondent.

SCOTT, J.  The parties to this action are both attorneys.  The defendant in 1904 was about to visit the state of Panama and was employed by plaintiff to obtain, if possible, from the authorities of the state certain concessions relating to mineral properties.  A contract was drawn between the parties whereby defendant agreed to use his best efforts in that regard, and plaintiff agreed to compensate defendant by giving him 20 per cent. of whatever he (plaintiff) might receive upon the sale of the concessions so to be obtained.  It was expressly agreed that plaintiff was not to be liable for any traveling or other expenses, nor for any disbursements to be made by defendant, unless first expressly authorized in writing or by cable.  It is claimed that this is not a valid or enforceable agreement; but that question does not seem to us to be important as this action is not upon the agreement.

Just before leaving for Panama defendant informed plaintiff that the president of that country made it a rule not to grant a concession respecting an outlying province without having first personally consulted the governor of the province, and that it would be well if he (defendant) were to be furnished with sufficient funds to enable him to offer to pay the expenses of a trip by the governor of the province in which the concessions were to be sought from said province to the capital and thereupon plaintiff gave to defendant the sum of $200 to be used for this specific purpose.  We are unable to see that the purpose for which it was proposed to use this money was unlawful or immoral.  Later defendant cabled plaintiff as follows:

"Concessions granted by President.  It should be published.  Must pay immediately $310.  Send money by telegraph instead of by mail."

Plaintiff testified, and we see no reason to doubt him, that he believed that the sum asked for was necessary for publication in the official journal, stamp taxes, and notarial fees, and he at once cabled the money.

Defendant had obtained no concessions, did not expend any money to bring the governor of the province to the capital, and, so far as it appears, never paid out any of plaintiff's money for the purpose for which it was paid him, although he vaguely and mysteriously hints that he has expended all he received, and more, in some way which he refuses to disclose.  The plaintiff sues for an accounting, and his complaint was dismissed.

In Marvin v. Brooks, 94 N. Y. 71, the Court of Appeals said:

"When an agent has been intrusted with his principal's money to be expended for a specific purpose, the former may be required to account on equity; and upon such an accounting the burden is upon him of showing that his trust duties have been performed and the manner of their performance."

This rule is applicable to the present case. The moneys were given to defendant for specific purposes, not illegal, and he should be required to show how he expended them.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.