### MORRISON v. CHAPMAN et al.

(Supreme Court, Special Term, New York County.   April 29, 1909.)

1. SPECIFIC PERFORMANCE (§ 114*) — CONTRACT FOR THE PURCHASE OF STOCK — ADEQUATE REMEDY AT LAW—PLEADING.

A complaint alleging that plaintiff employed defendants as his brokers to purchase certain railroad stock which they purchased for him on margin; that plaintiff demanded delivery of the certificates and offered to pay the balance of the purchase price, but defendants refused to deliver the stock or any part thereof; that the value fluctuates greatly, and is continually changing; and that an action at law would not give plaintiff adequate relief—did not state facts sufficient to justify specific performance.

[Ed. Note.—For other cases, see Specific Performance, Dec. Dig. § 114.*]

2. ACCOUNT (§ 17*)—ACTION FOR ACCOUNTING—COMPLAINT.

Where, in a suit by a client against his brokers to compel performance of their engagement to purchase certain corporate stock for him, the complaint alleged that the stock had been purchased on margin, that defendants had refused to deliver the stock on tender of the balance due, and that an account of complainant's transactions with defendants had been previously rendered by defendants, which complainant made no attempt to falsify, the account rendered became an account stated; and hence the complaint did not state facts justifying equitable relief on the theory that complainant was entitled to an accounting.

[Ed. Note.—For other cases, see Account, Dec. Dig. § 17.*]

Suit by John Morrison against Elverton R. Chapman and others. On demurrer to complaint.   Sustained.

Eugene L. Bushe, for plaintiff.

Gifford, Hobbs & Beard (John D. Fearkake, of counsel), for defendants.

GIEGERICH, J.   The defendants demur to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The complaint alleges that on or prior to the 4th day of June, 1908, the plaintiff employed the defendants, a firm of stockbrokers, as his brokers and fiduciary agents, to purchase for his account 500 shares of the capital stock of the Chesapeake & Ohio Railway Company, and that in consideration thereof, and of the moneys and securities paid and deposited as thereinafter alleged, the defendants accepted such employment, and agreed to purchase, to make requisite payments, and to hold and carry for plaintiff the stocks they should purchase for him, and at all times to have in their possession or under their control, ready for delivery, the shares so purchased, or an equal number of other shares of the same stock, and to deliver to plaintiff said shares when required by him upon receipt of the advances made by and commissions accruing to the defendants; that as collateral security or, margin for such purchases the plaintiff, on or about June 4, 1908, deposited with the defendants $4,873 in cash and a certificate for 100 shares of the capital stock of the Chesapeake & Ohio Railway Company; that on the same day defendants notified plaintiff that they had purchased and received, for plaintiff's account, 500 shares of the said stock at $45 per share, amounting to $22,500, which sum defendants

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

charged to plaintiff, and for purchasing which the defendants charged plaintiff, and he paid them, $62.50, and that the defendants retained said shares of stock as additional collateral security for the sums advanced by them upon its purchase; that on or about August 31, 1908, an account was rendered by the defendants to the plaintiff as to the transactions aforesaid, and such statement showed that plaintiff was indebted to them in the sum of $17,841.13, and that defendants were holding 600 shares of the Chesapeake & Ohio stock, part purchased for plaintiff and part received from plaintiff, as aforesaid, as collateral security for the payment of said sum; that on or prior to the 14th day of September, 1908, and also on the 28th day of September, 1908, the defendants had in their possession other and additional moneys belonging to this plaintiff far in excess of said sum of $17,841.13 and interest thereon, and in excess of all moneys then and at either of said times owing from plaintiff to defendants upon said securities; that about the 14th of September, 1908, and again about the 28th of September, 1908, plaintiff demanded of defendants that they immediately deliver to him proper certificates for said 500 shares of Chesapeake & Ohio stock, and also deliver to him the certificate for 100 shares previously deposited; that plaintiff then tendered and offered to pay to defendants the balance of the purchase money of said 500 shares, with interest and other charges, upon delivery of all of said securities to him, and now offers to pay the same, but that the defendants have neglected and refused to deliver said stocks, or any part thereof, or to render any account in respect thereto, except as before stated.

The complaint then alleges that since the said 500 shares were purchased the value thereof has greatly fluctuated, and is now continually changing; that an action at law for damages would not give plaintiff adequate relief; and that an action in equity to enforce the contract is requisite to properly protect plaintiff's rights. .Judgment is demanded that it may be adjudged that the defendants have and hold and are carrying certificates for the said 500 shares for and on account of the plaintiff, and that they also have in their possession the certificate for 100 shares, which is wholly the property of the plaintiff, that an account may be stated between the parties in respect to the purchase and acquisition of said 500 shares, and that the amount owing from plaintiff to defendants be ascertained, and that the defendants be adjudged to deliver to plaintiff said 500 shares upon payment of any sum so found to be due, and for such further or other relief as to the court may seem proper.

So far as the action rests upon the demand for a specific enforcement of the contract between the parties, it must be held that it does not state facts sufficient to justify such relief (Gilbert v. Bunnell, 92 App. Div. 284, 86 N. Y. Supp. 1123; Fox v. Fitzpatrick, 190 N. Y. 259, 82 N. E. 1103); and, unless the complaint is saved by the averment of facts which entitle the plaintiff to other equitable relief, the demurrer must be sustained, notwithstanding that the facts alleged may be sufficient to constitute a cause of action for damages (Black v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095; Dingwall v. Chapman [herewith decided] 116 N. Y. Supp. 520). The plaintiff claims that he is, at all events, entitled to an accounting, and that the

action is therefore well brought on that theory, irrespective of his right to other relief. As it appears from the complaint that the plaintiff intrusted money and other property to the defendants as his agents, he would ordinarily be entitled to an accounting in equity. Marvin v. Brooks, 94 N. Y. 71; Haight v. Haight & Freese Co., 112 App. Div. 475, 98 N. Y. Supp. 471, affirmed 190 N. Y. 540, 83 N. E. 1126. But that ground of jurisdiction cannot avail the plaintiff here, because he shows by his complaint that there is nothing concerning the disposition of the money or other property of which he is in ignorance. He alleges that on August 31, 1908, the defendants did render an account of the transactions in question. That account is not attacked by the complaint, nor its correctness questioned. The complaint in fact tacitly admits it to be correct. It is not shown that there were any subsequent transactions between the parties which required the rendering of an account.

It is, to be sure, stated that on or about the 14th and 28th days of September following the defendants had in their possession other and additional moneys belonging to the plaintiff far in excess of all moneys then due upon the securities in question. But it does not appear what the transaction was by which the defendants came into possession of these additional sums, or whether that transaction was in itself ground for an accounting. An account stated was always a bar to a bill for an accounting. In such a case it was necessary to bring a bill to reopen and falsify or surcharge the account. Weed v. Smull, 7 Paige, 573; Bullock v. Boyd, 2 Edw. Ch. 293. Here the complaint shows that the defendants have accounted up to August 31, 1908, and does not show any later transactions entitling the plaintiff to a further account. Clearly, therefore, until the plaintiff attacks or questions the existing account, he does not state a cause of action for an accounting in equity.

The demurrer must be sustained, with costs, with leave to the plaintiff to amend, upon payment of costs, within 20 days after service of the interlocutory judgment.