### TIFFANY v. HESS et al.

(Supreme Court, Special Term, New York County. March 18, 1910.)

1. ACCOUNT (§ 17*)—EQUITABLE ACTIONS—COMPLAINT.
    A complaint, in an action for an accounting, alleging that money was intrusted to an attorney for a particular purpose, involving a special reliance upon his integrity, sufficiently averred a relation of fiduciary character of equitable cognizance and not a bald bailment.
    [Ed. Note.—For other cases, see Account, Cent. Dig. § 78; Dec. Dig. § 17.*]

2. ATTORNEY AND CLIENT (§ 127*)—ACCOUNTING—PARTIES—EXECUTOR OF DE-
    CEASED PARTNER.
    Though, in an action at law, the representatives of deceased partners cannot be joined as defendants with the surviving partner in an action upon a partnership obligation unless the inability to secure a satisfaction from the surviving partner is shown, yet, where redress is sought in equity for breach of trust by a deceased member of a law firm, alleged to have retained from plaintiff money received from the defendant in a divorce action for plaintiff's use, all persons affected may be made parties, and hence the surviving partners and the executrices of deceased partners in the firm may be joined as defendants.
    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 280; Dec. Dig. § 127.*]

Action by Emma N. Tiffany against Ida Hess, executrix of Charles A. Hess, and others. On demurrer to complaint. Overruled.

Gilbert & Wessel (Lucius L. Gilbert and Harry N. Wessel, of counsel), for plaintiff.

Mark G. Holstein, for defendant Ida Hess, as executrix, etc., demurrant.

GIEGERICH, J. The defendant Ida Hess, as executrix, demurs upon two grounds: First, that the complaint does not state facts suffi-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cient to constitute a cause of action; and, second, that there is a misjoinder of causes of action, in that causes of action against the representatives of two deceased partners are joined with a cause of action against the only surviving member of the firm. The complaint alleges that between the years 1887 and 1890 Charles A. Hess and William J. Townsend were copartners engaged in the practice of law in the city of New York, and that from 1890 until 1895 the two just mentioned, with the addition of Charles P. McClelland to the firm, were similarly engaged. It is further averred that during this period the said firm acted as her attorneys in an action for divorce which she brought against her husband in the state of Rhode Island, and that Charles A. Hess, now deceased, was the personal counsel and the personal representative of the plaintiff in the said divorce action and all matters connected therewith; that in or about the month of May, 1891, a final decree of absolute divorce was entered in her favor; but that no provision for her support was contained therein; that the said Charles A. Hess received from the defendant in that action, or some one acting in his behalf, a large sum of money or property for the use of the plaintiff in lieu of alimony; and that the amount so received by Hess is unknown to the plaintiff; but that it was stated by him to be sufficient to provide for her an income during her natural life equal to the amount theretofore paid her, being upwards of $50 per week; that thereafter the plaintiff received from said Hess at irregular intervals certain sums of money for her support and maintenance, and other sums were expended by him on her behalf, which payments and expenditures were continued up to the time of his death on or about the 26th day of October, 1907; and that neither Hess nor either of his said partners has ever rendered the plaintiff any account, nor have they presented her with any bill for their services. The relief prayed for is an accounting.

The demurring defendant insists that the mere receipt of money by an agent does not entitle the principal to maintain an action in equity for an accounting, and that the fact that the agent is an attorney makes no difference. Reliance is placed upon New York Life Ins. Co. v. Hamilton, 52 Misc. Rep. 189, 102 N. Y. Supp. 771; but a reference to the opinion delivered in that case will show that the accounting there was denied because there were no facts stated showing that the relation was of a fiduciary character, and that in the absence of a statement of the surrounding circumstances the relation of the agent toward the principal must be deemed to have been other than fiduciary for the purpose of the demurrer. In this case, however, there is a statement of facts showing the fiduciary relation. It is plainly averred that the money was intrusted with the attorney for a particular purpose, involving a special reliance upon his integrity, and that it was not a bald case of bailment involving an account not the subject of equitable cognizance. Marvin v. Brooks, 94 N. Y. 71; Duff v. Blair, 74 App. Div. 364, 77 N. Y. Supp. 444; Haight v. Haight & Freese Co., 112 App. Div. 475, 98 N. Y. Supp. 471, affirmed 190 N. Y. 540, 83 N. E. 1126; Allen v. O'Bryan, 118 App. Div. 213, 103 N. Y. Supp. 125; Morrison v. Chapman, 63 Misc. Rep. 195, 116 N. Y. Supp. 522.

It is further urged that the complaint is defective as to the defendant Hess because it contains no allegation of the insolvency of Charles P. McClelland, the surviving copartner. It is undoubtedly the rule that in an action at law the representatives of deceased copartners cannot be joined as defendants with the surviving partner in an action upon a copartnership obligation unless the inability to secure a satisfaction from the surviving partner is shown. Voorhis v. Childs' Executor, 17 N. Y. 354; Potts v. Dounce, 173 N. Y. 335, 66 N. E. 4. The question is whether the same rule applies to equitable actions. In Sortore v. Scott, 6 Lans. 271, an action was brought by a cestui que trust against the surviving trustee and the executor of a deceased trustee for an accounting of a trust fund which it was alleged had been loaned improvidently. There was no allegation that the plaintiff had exhausted her remedy against the survivor or that he was insolvent. In the course of the opinion the court remarked that it was satisfied that the rule which applied to joint debtors in such cases did not apply to trustees, further pointing out that it was well settled in England that the representatives of a deceased trustee might be joined with the surviving trustee in an action in equity founded on a breach of trust. The court further noticed the distinction that when the action is for a breach of trust it is in effect for a personal tort for which both the survivor and the deceased are personally liable, and for which the individual property of each may be appropriated to redress the wrong. So, also, in Hutchinson v. Simpson, 92 App. Div. 382, 426, 87 N. Y. Supp. 369, Mr. Justice Hatch, in a dissenting opinion on a point not discussed in the prevailing opinion, stated that the rule that the representatives of deceased copartners could not be joined in the first instance or proceeded against in equity was never extended to that class of equitable actions which involved a breach of trust, and that where the relations out of which the cause of action arose are predicated upon an obligation involving wrong or a violation of duty as agent or trustee the personal representatives were always proper parties in the settlement of a controversy involving an examination of the quality of the acts, citing Bailey v. Inglee, 2 Paige, 278; Cunningham v. Pell, 5 Paige, 607; Sortore v. Scott, supra; Getty v. Devlin, 54 N. Y. 403, and Erlanger v. New Sombrero Phosphate Co., 3 App. Cas. 1218.

In the present case it should be borne in mind that the action is not brought upon a copartnership obligation of a legal character or even of an ordinary equitable character. Redress is sought against the defendants not as copartners, but as trustees, and for the violation of a trust duty, and I think on principle as well as authority that all persons affected are properly made parties to the action.

My conclusion is that both grounds of the demurrer should be overruled, with costs, with leave to withdraw the same and to answer within 20 days after service of the interlocutory judgment and notice of entry thereof upon payment of costs.