WELLINGTON PORTER, Appellant, *v.* THE UNION BLUE STONE COMPANY et al., Respondents.

The complaint herein alleged in substance that the parties hereto, who were dealers in blue stone, entered into an agreement by which defendant, the U. B. S. Co., as party of the first part, agreed to act as sales agent for the others who were named as parties of the second part, to make sales of all the marketable stone the market would take at prices to be fixed by the parties of the second part, and to apportion the sales as specified between them, the amounts specified to be

increased or diminished in equal proportions according to the amount of sales. The complaint further alleged that the parties transacted business under the contract during the year 1885; that the U. B. S. Co. did not call upon plaintiff to ship and deliver his proportionate share of the stone, but made an unfair and improper apportionment, by reason whereof plaintiff lost the profits thereon. Plaintiff asked for an accounting, and that the U. B. S. Co. and such of the defendants as had more than their proportionate share of stone sold be adjudged to pay to plaintiff the profits so lost. On demurrer to the complaint, *held,* that the complaint stated no cause of action as against the defendants other than the U. B. S. Co., and that they were improperly made parties, as no duty of apportionment was imposed upon them; that if the one made was improper, it was the sole fault of the agent, and it was alone responsible.

(Argued April 29, 1890; decided May 9, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made at the February term, 1889, which reversed an interlocutory judgment in favor of plaintiff entered upon an order of the Special Term overruling a demurrer.

The complaint in this action alleged in substance that plaintiff and the defendants were dealers in blue stone; that the defendant, the Union Blue Stone Company, as party of the first part, entered into a written agreement with plaintiff and the other defendants, as parties of the second part. A copy of the contract was attached to the complaint, and contained these provisions: " To act as sales agent for the parties of the second part, and make sales of all the marketable blue stone, manufactured as well as unmanufactured, which the market will take during the time of this agreement, at prices to be fixed by parties of the second part, and to apportion such sales between the parties of the second part " in certain proportions named, which were to be increased or diminished equally according to the total amount of sales.

" The parties of the second part each agree to furnish the party of the first part a statement of the stock of stone on hand ready for sale, specifying the quantity, sizes, the several qualities and names of the different kinds of stone, and continue to

keep the party of the first part so advised. And the party of the first part, on making sales, will at once advise such one or ones as the sale is apportioned to, the quantity, quality, sizes and different kinds of stone sold, and it shall be the duty of such one or ones of the party of the second part at once to ship and deliver the said stone at the point where by the terms of sale the delivery is to be made, and there to make the delivery to the purchaser."

"And the parties of the second part, and each of them, do further agree that they and each of them will not sell and deliver, either directly or indirectly, any stone to any person, persons or corporations except such as is sold through the party of the first part under this agreement, or by its consent. And the parties of the second part do further agree that they will make and fix the prices at which stone shall be sold, and may from time to time change the prices, but the prices to be fixed in the first instance, and any change or changes that may be made thereafter, shall be done by a vote of a majority of the party of the second part, each firm of the party of the second part to count as one person, at a meeting of the parties of the second part duly called, and notice of such meeting given to each of the parties of the second part, either personally or by mail, in sufficient time to enable them to attend such meeting."

It was further alleged that the parties transacted business under said agreement during the year 1885; that plaintiff was ready and willing to furnish his proportionate share of blue stone under said agreement, but said Union Blue Stone Company did not call upon him to do so and stopped him from furnishing or selling his proportionate share, and he thereby lost the profits he would have made under a fair and proper apportionment. Plaintiff demanded an accounting and that the Union Blue Stone Company and such other defendants as had delivered and sold more than their proportionate share of blue stone, be required to pay to him the profits so lost. The complaint was demurred to by certain of the individual defendants on the ground that as to them it did not state facts sufficient to constitute a cause of action.

*Carroll Whitaker* for appellant. The plaintiff is right in making all the parties to the agreement parties in this action. (Story's Eq. Plead. § 219; *Little* v. *Sayre,* 7 Hun, 485; 2 Story's Eq. Juris. § 1526; 1 Van Santvoord's Eq. Pr. 70, 76; Code Civ. Pro. § 447; *Dart* v. *Palmer,* 1 Barb. Ch. 92; 1 Greenl. on Ev. § 189; 3 Black. Comm. 426–485; Maine's Ancient Law, 27.)

*Wm. Pierrepoint Williams* for respondents. The complaint shows no right to an accounting in equity even as against the Union Blue Stone Company. (Story's Eq. Juris. §§ 458, 459; *Marvin* v. *Brooks,* 94 N. Y. 71, 80; 1 Pom. Eq. Juris. 237; *Foley* v. *Hill,* 2 H. L. Cas. 28; *Smith* v. *Bodine,* 74 N. Y. 30; *Untermeyer* v. *Beinhauer,* 105 id. 524; *Camp* v. *Ingersoll,* 86 id. 433.) The joinder of the respondents as parties cannot be sustained on the theory that equity will prevent multiplicity of suits. (*Mayor, etc.,* v. *Pilkington,* 1 Atk. 282; *Doggett* v. *Hart,* 5 Fla. 229; Wetford's Eq. Plead. 145, 146; 3 Wait on Act. & Def. 157; *Town of Venice* v. *Woodruff,* 62 N. Y. 467.) If there were any irregularity in the judgment appealed from and the appellant's consent did not estop it from taking advantage of it, the remedy would be by motion, not by appeal. (*Robinson* v. *Hall,* 35 Hun, 214; *People* v. *Talcott,* 21 id. 591; Code Civ. Pro. § 721, subd. 11.)

FINCH, J. The terms of the contract between these parties gave the plaintiff a right of action against the Blue Stone Company, but none against the other parties to the agreement. The complaint assumes its validity, and no questions in that direction are raised. The sole inquiry is whether a cause of action was alleged against the demurring defendants. The injury charged is an unfair and improper apportionment of the year's business by which the sales of the plaintiff were reduced in volume, and those of the defendants increased. The duty of making that apportionment was imposed on the Blue Stone Company as the agent of each of the contracting

parties.    No such duty was in any manner put upon the other
defendants.    They had a right to assume that the apportion-
ment was proper; to make the sales as they were directed;
and to receive the proceeds of those sales, less the stipulated
commission, and came under no obligation to the plaintiff
thereby.    If the apportionment was wrong, it was the sole
fault of the Blue Stone Company, which is alone responsible
to the plaintiff.    The proper performance of its duty was in
no manner guaranteed by the other defendants, nor did they
assume any responsibility in that respect.    They have received
pay for their own property actually sold at the prices estab-
lished, and are entitled to retain it.    If thereby the plaintiff
has been injured, the result flows from no act or omission of
theirs, but solely and alone from that of the plaintiff's author-
ized agent, who must answer for himself.    What the plaintiff
says with reference to the rule in equity for the joinder of
interested parties, is all very well in its proper place.    The
trouble here is that the defendants demurring have no inter-
est in the action of any kind, and are not necessary parties to
any possible remedy of the plaintiff.

The judgment should be affirmed, with costs.

All concur, except RUGER, Ch. J., not voting.

Judgment affirmed.