FRANK R. ABBEY, an Infant, etc., by THEODORE L. FROTHINGHAM, his Guardian ad Litem, Respondent, *v.* JEROME B. WHEELER, Appellant, Impleaded with Others.

*Leasehold interest — goes to executors — equity jurisdiction of actions for an accounting — equity may incidentally direct an accounting.*

*Semble*, that, in the absence of any specific bequest contained in his will, the interest of a testator in a lease of land passes under the statutes of the State of New York to his executor and not to his heirs.

In suits for the partition of land or in other appropriate actions at law between tenants in common, where it appears that one or the other party has consumed or destroyed part or all of the property held in common, such party will be obliged to respond therefor to his co-tenant; but an equity action, brought solely for an accounting, cannot be maintained by one co-tenant against another who has been guilty of appropriating or taking away some portion of the property owned in common.

Such inhibition against the right to bring an action in equity, simply for an accounting, is not confined merely to co-tenants, but applies to every relation which may be established between persons other than fiduciary or trust relations, and it is only between persons who stand in the latter relation that actions simply for an accounting can be maintained in equity, although in other appropriate actions a court of equity may compel an accounting where that is incidental, and not the primary relief sought.

*Marvin* v. *Brooks* (94 N. Y. 80), followed.

APPEAL by the defendant, Jerome B. Wheeler, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of November, 1894, upon the decision of the court rendered at the New York Special Term overruling the said defendant's demurrer to the plaintiff's complaint, with notice of an intention to bring up for review upon such appeal the decision of the court at Special Term, upon which said judgment was entered.

The complaint alleges, in substance, that in 1884 one Charles F. Abbey died, leaving a will wherein, after directing the payment of his debts, he provided:

"*Second.* The residue of my estate, real and personal, I direct to be carefully invested for the benefit of my boy Frankie, and such of the income thereof as is necessary to be used for his support during his minority, and any balance invested annually for his benefit."

"*Third.* In case of his death before arriving at full age, the prop-

erty remaining to be paid, share and share alike, to my mother, Indiana Tolex Abbey, and my sister-in-law, .Anna M. Heath, or their lawful heirs."

That letters testamentary were issued to the defendant Talmadge, as executor, which are in full force and effect. That plaintiff is the person mentioned in the will, and the only descendant of Charles F. Abbey, who left no widow. That at the time " of his death the said Charles F. Abbey was the owner in fee of one undivided fifth part of a piece or parcel of land situated in the Roaring Fork mining district in the county of Pitkin and State of Colorado, and known as the Emma Mining Claim, and was the owner of an undivided two-thirds of a lease for one year from November 20th, 1883, of the remaining four-fifths of said mining claim, and that one Nevitt was the owner of the other undivided third part of said lease."

That the defendant Jerome B. Wheeler became the owner in fee of the said undivided four-fifths of said mining claim, subject to the said lease. That in 1884 the said Wheeler, by some " arrangement with the said Nevitt, the exact nature of which is unknown by the plaintiff, took possession of said mining claim and worked a mine thereon, and thereafter took and removed from said mine a large quantity of mineral, amounting in value to upwards of seven hundred thousand dollars, and sold the said mineral and received therefor to the plaintiff's use upwards of two hundred and fifty thousand dollars." That, although requested, Wheeler has refused to account to the plaintiff. Wherefore, judgment is demanded, (1) that he account for the mineral taken and removed from the mine and for the sales thereof, and (2) that the rights and interests, if any, of the defendant Talmadge, as executor, and of the defendant Anna M. Heath in the premises be ascertained and settled.

The demurrer states three grounds : "*First*, that the court has not jurisdiction of the subject of the action; *second*, that causes of action have been improperly united, in that a cause of action for minerals or for an accounting in respect thereof is joined with one for the construction of a will, and the determination of the rights of parties under it; *third*, that the complaint does not state facts sufficient to constitute a cause of action."

*A. C. Brown*, for the appellant.

*Henry W. Hardon* and *Treadwell Cleveland*, for the respondent.

O'BRIEN, J.:

In analyzing the complaint it will be found difficult to determine the theory upon which the plaintiff predicates his right to recover, whether as tenant in common of the land, or as co-owner with the defendant Wheeler in a lease. The Special Term concluded that the suit was brought by plaintiff in his double character, as co-tenant of the land and co-owner of the lease, and that in this double capacity he could maintain the action for an accounting and a determination of the interests of the other persons who, in addition to himself, are named in the will of his father.

There is in the complaint sufficient to justify the conclusion that the plaintiff asserts a claim to all the title which his father had in the real estate, which was, as averred, subject to a lease. There is also a statement that the defendant Wheeler became the owner in fee of the balance, but such interest is expressly stated to have been subject to the lease. There is no statement that, as owner of the fee, the defendant Wheeler ever entered into possession, the averments being that, by some arrangement with Nevitt, who had an interest with the testator in the lease, the defendant Wheeler entered into possession of the property and removed the ore for which, in this action, he is called to account. We think it clear, therefore, that it is not as a co-tenant in the land, but as a co-owner in the lease, that the plaintiff seeks to enforce his rights here.

It is extremely doubtful whether the plaintiff has the right to maintain such an action. No bequest of the testator's interest in the mining lease is made to the plaintiff, and though he be the sole heir and only descendant, the interest of the testator in the lease, under the statutes of our State, in the absence of a specific bequest, would go to Talmadge, the executor, and not to the plaintiff, the heir. (2 R. S. 82, § 6, subd. 1.) It is not necessary, however, for us to determine the question, because there is a fatal objection to this complaint.

The plaintiff, in either or both capacities, brings this action for an accounting and for a determination of the interests of himself and others under the will of his father. Under the authorities we do not think such an action can be maintained, for the reason that a court of equity will not assume jurisdiction of an action brought solely for an accounting, but in an appropriate action it may com-

pel an accounting where that is incidental and not the prime relief sought. The cases of *Ludlow* v. *Simond* (2 Caines Cas. 1) and *Post* v. *Kimberly* (9 Johns. 470), though cited in support of the right to maintain such an action, are really authorities for the proposition which we have stated. *Ludlow* v. *Simond* was a case where the relief sought was the enforcement of a guaranty and, as incidental thereto, an accounting. *Post* v. *Kimberly* was an action for a discovery. In the former case the chancellor made some general statements as to the jurisdiction of a court of equity in all actions of accounting; and whether we regard those as mere *obiter dicta* or a summary of the authorities as they then stood, the later cases in England and in this country do not support the statement there made, that equity has assumed and will assume jurisdiction in all actions of accounting.

As said in *Marvin* v. *Brooks* (94 N. Y. 80): "The basis and extent of the equitable jurisdiction over matters of account appears to have been seldom considered in our courts, but often discussed in the English authorities * * * The best considered review of the authorities puts the equitable jurisdiction upon three grounds, viz.: the complicated character of the accounts, the need of a discovery, and the existence of a fiduciary or trust relation. The necessity for resort to equity for the first two reasons is now very slight, if it can be said to exist at all, since a court of law can send to a referee a long account too complicated for the handling of a jury, and furnishes by an examination of the adverse party before trial and the production and deposit of books and papers almost as complete a means of discovery as could be furnished by a court of equity. But the jurisdiction of the latter court over trusts and those fiduciary relations which partake of that character remains, and in such cases the right to an accounting seems well established, but the existence of a bare agency is not sufficient. If it was, it would draw into equity every case of bailment in which an account existed."

Here there is no suggestion that as between the plaintiff and Wheeler there is a fiduciary or trust relation; nor are there any averments which under the authorities have been held sufficient to entitle the plaintiff to the relief sought. Upon allegations from which the inference is to be drawn that he is co-owner in the fee or

lease, the plaintiff brings this action simply for an accounting, which, as we have endeavored to point out, we do not think, on the authority of *Marvin* v. *Brooks*, can be maintained.

Our conclusion in no way affects the right of whoever is entitled to do so to compel the defendant Wheeler in an appropriate action to respond for the mineral which he has taken and sold, if this has been done without right and authority. And whatever may have been the rule at common law against the right of one co-tenant to compel another in possession to respond for the value of the premises occupied by him for the rents and profits which he may have received, or for waste permitted or suffered, this must be regarded, as long as the case of *McCabe* v. *McCabe* (18 Hun, 153) remains the law, as settled in this State. That was an action brought for the partition of lands on which there was a stone quarry, and is authority for the proposition that a tenant in common who is made a defendant may set up in his answer that the plaintiff has been in possession of the premises, has collected the rents thereof and quarried and sold stone therefrom, and may require an account to be rendered of the moneys so received by the plaintiff and have an allowance made to himself therefor. As therein said : " It may be necessary to adhere to the rule that for mere occupancy the co-tenant shall not be liable to account. But there is no reason to extend that rule to a case where the co-tenant actually consumes or takes off and disposes of a part of the property held in common."

While, therefore, in suits for the partition of land, or other appropriate actions at law between tenants in common, wherein it is made to appear that one or the other has consumed or destroyed part or all of the property held in common, he will be obliged to respond therefor to his co-tenant, this is far from saying that an equitable action solely for an accounting can be maintained by one co-tenant against another who has been guilty of appropriating or taking away some portion of the property owned by them in common. This inhibition against the right to bring an action simply for an accounting is, of course, not confined merely to co-tenants, but applies to every relation which may be established between persons other than fiduciary or trust relations. It is only between persons who stand in the latter relation that an action simply for an accounting can be maintained. And while in other appropriate actions a court of

equity may compel an accounting, where that is incidental, and not the primary relief sought, it will not assume jurisdiction, except in the cases mentioned, of a simple action for an accounting.

It may be that the policy which for a long time has prevailed of not regarding forms of action may in time destroy the force of the rule as laid down in *Marvin* v. *Brooks.* And there would seem to be no good reason for permitting a tenant in common, though the relation between him and his co-tenant may not be fiduciary or trust, when sued, to require an accounting for mineral removed and sold from a mine, and yet denying him the right to maintain an action on his own behalf against the person so using the joint property for an accounting. We do not regard it, however, as an open question or one that calls for discussion, holding as we must under the authority of *Marvin* v. *Brooks,* that the facts here presented make an insufficient showing for the assumption of jurisdiction by a court of equity in this action, which is brought solely for an accounting.

The judgment, therefore, must be reversed and the demurrer sustained, with leave to plead over on payment of costs in the court below and of this appeal.

PARKER, J., concurred; VAN BRUNT, P. J., concurred in result.

Judgment reversed and demurrer sustained with leave to plead over on payment of costs in the court below and of this appeal.