LOGAN v. MOORE et al.

(Supreme Court, Special Term, New York County.   April, 1898.)

1. ACCOUNT—PLEADING—DUPLICITY.

A bill to readjust accounts of a syndicate formed to purchase and con-
solidate gas companies, the stockholders of which were to receive stock
of the consolidated company for that transferred to the syndicate, alleged
that plaintiff's stock was undervalued, whereby he received less than his
share of the new stock; that the agents who were to negotiate the trans-
action and apportion the shares erroneously computed their respective
values, and had themselves purchased interests of certain stockholders;
and that one of the other members of the syndicate had promised that
plaintiff should fare as well as said member, as an inducement to him to
co-operate in the scheme. The agents conducting the transaction and the
members of the syndicate were made parties defendant.  *Held* to state
a single cause of action.

2. SAME—PARTIES.

The agents and all members of the syndicate are necessary parties to
such action.

3. PLEADING—INCONSISTENT PRAYERS—REMEDY.

A bill is not demurrable for misjoinder because it prays several different
or inconsistent kinds of relief, the remedy in that case being by motion.

Action by one Logan against Moore & Schley, a co-partnership,
and others, to readjust the accounts of a syndicate.  Defendants
demur on the grounds "that the complaint fails to state facts sufficient
to constitute a cause of action against said defendants, or any of
them, and that sixteen specified causes of action have been improp-
erly united."  Demurrer overruled.

Lyon & Smith, for plaintiff.
Simpson, Thatcher & Barnum, for defendants.

DALY, J.  Demurrer to the complaint by the five defendants
who compose the firm of Moore & Schley, and by two other defend-
ants, Henry H. Rogers and William Rockefeller, separately.   The
grounds of demurrer are:   (1) That the complaint fails to state
facts sufficient to constitute a cause of action against said defendants,
or any of them;  (2) that 16 specified causes of action have been im-
properly united.

The action appears to be brought to obtain a readjustment of the
accounts of a certain syndicate, which was organized to consolidate
into one company seven gaslight companies in the city of Brooklyn.
The firm of Moore & Schley acted as agents of the parties seeking
to consolidate, and, by agreement with said parties, were to appor-
tion among them the shares in the new company to which their
interests in the old companies entitled them.   Briefly stated, the
plaintiff's grievance is that he was not equitably treated in the appor-
tionment, having been placed on a par with holders of stock of less
value than his own, whereas the shares of the different parties should
have been adjusted with reference to the value of the stock which
each contributed.   The plaintiff owned or contributed more than one-
third of the stock of the Williamsburgh Gaslight Company, which
stock he alleges to be intrinsically worth over $275 for a par value
of $100, and he alleges that the stock of the other companies was

put in by the other members of the syndicate at valuations largely in excess of its intrinsic value, and that the contributions of such other members were computed at $14,350,000, while they should have been computed at $7,925,804, and that the plaintiff's interest in the new capitalization should have been $8\frac{1}{3}$ per cent., whereas he was allowed at the rate of only $4\frac{1}{3}$ per cent. It is alleged that the firm of Moore & Schley have purchased the interest of certain of the parties to the consolidation; that they made advances to plaintiff to enable him to acquire certain of the stock which he contributed; and that they were informed by another defendant, Rogers, a member of the syndicate, of the latter's promise and assurance, on his own behalf and that of his associates, that plaintiff should fare as well as said Rogers, as an inducement to plaintiff to co-operate in the scheme of consolidation, and refrain from acquiring more stock in the Williamsburgh Company. An agreement was executed with the firm of Moore & Schley by the plaintiff and the defendants by which three of the defendants, including Mr. Moore, were appointed a committee to arrange the terms of the consolidation, by which the interests to be contributed were fixed at $15,000,000, plaintiff's share being put at $650,000, which valued his stock at about $175 on a par value of $100. If plaintiff shall be found entitled to a readjustment of the accounts of the syndicate, the parties defendant are necessary to the action. An action against the agents alone would not be proper. The case is to be distinguished from Porter v. Bluestone Co., 121 N. Y. 324, 24 N. E. 603, where the agent was to apportion the sales made by the several principals, and was alone responsible for the mere error in computation which was the basis of the action. This action in equity for an accounting and readjustment may be maintained, both on the ground of agency and quasi partnership. Marston v. Gould, 69 N. Y. 220; Marvin v. Brooks, 94 N. Y. 71. There are no separate causes of action alleged against individual defendants, as I understand the intention of the pleader. The promises of the defendant Rogers are alleged to have been made in behalf of his associates as well as himself, and to have been communicated to their agents, Moore & Schley, so as to become the agreement of all the defendants, and its performance could not be enforced against any one party alone, nor by any action which did not seek to affirm the apportionment made under the syndicate agreement; so that there is no misjoinder of causes of action which could be maintained apart from the action which is now brought to determine the rights of all the parties. If the statements of the complaint support a claim for different kinds of relief against all the defendants, that is not a defect; for such causes of action grow out of the one transaction, and are connected with the same subject of action. Code, § 484, subd. 9. There are no causes of action alleged against individual defendants, as I read the complaint, but the acts of separate defendants are alleged in order to show the agreement of all the parties. It may be that certain allegations tending to the statement of causes of action against separate defendants, but incomplete and insufficient as valid causes of action, are to be found in the complaint; but that does not render the complaint demurrable. There

must be a statement of two or more perfect causes of action, im-. properly united, to warrant a demurrer for misjoinder. Sullivan v. Railroad Co., 1 Civ. Proc. R. 285. The fact that several different, or even inconsistent, kinds of relief are asked for upon the same state of facts, does not make the complaint demurrable. If the defendants deem that there should be a separate cause of action stated for each mode of relief demanded, the remedy is by motion, and not by demurrer. Bass v. Clarke, 38 N. Y. 21; Freer v. Denton, 61 N. Y. 492; Pom. Code Rem. (3d Ed.) 451.