(69 App. Div. 121.)

## CONGER v. JUDSON et al.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

1. JOINT ADVENTURE—ACCOUNTING—AGENCY.
    A complaint alleging that plaintiff and defendant agreed to purchase certain stock for the purpose of disposing of the same at a profit, and that defendant and plaintiff each furnished a certain sum with which plaintiff purchased and thereafter sold a number of such shares, leaving a balance in his hands, and praying an accounting, states facts from which agency might as reasonably be inferred as partnership or joint adventure, and, being construed most strongly against the pleader, states no cause of action entitling plaintiff to an accounting.

2. SAME—DISMISSAL—FINAL JUDGMENT.
    Such complaint should not be dismissed with final judgment for defendant, but plaintiff should be allowed to plead over.

Appeal from special term, New York county.

Action by Latham H. Conger against Cyrus Field Judson and others. From a judgment in favor of defendants, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Abram J. Elkus, for appellant.

Julius F. Workum, for respondents.

HATCH, J. The complaint in this action avers that the plaintiff and defendants entered into an agreement to purchase stock of the International Power Company, with the intent of disposing of the same at a profit if possible. In furtherance of this agreement, the complaint avers that the defendants furnished the sum of $8,500 and 200 shares of the said stock, and the plaintiff furnished $9,200, with which amount plaintiff purchased, and thereafter sold, some 700 shares of the said International Power Company's stock. From this transaction the complaint shows that plaintiff now has in his hands a balance of $15,000, which he demands shall be distributed among the parties, but that the defendants refuse to allow plaintiff his share, and have brought an action against him for converting said balance. Judgment is demanded that an accounting be had, and that the funds be distributed according to the respective rights of the parties. The demurrer was taken upon two grounds, viz., that the complaint did not state facts sufficient to constitute a cause of action, and that there was another action pending between the same parties for the same cause of action. It may be stated, as a general proposition of law, that where it appears that a partnership relation or a quasi relation of such character exists between the parties, which creates an element of trust in money or property which comes to or remains in the hands of one as trustee for all, an action in equity may be maintained for an accounting at the instance of one of the partners or persons interested, and equally so as to the trustee. Marston v. Gould, 69 N. Y. 220; Schantz v. Oakman, 163 N. Y. 148, 57 N. E. 288. The existence, however, of a bare agency to act for another, which involves receipt of money or property, is not sufficient upon which to found an equitable action for an accounting by the agent of the money or property so received. Marvin v. Brooks, 94 N. Y. 71; Abbey v. Wheeler, 85 Hun, 226, 32 N. Y. Supp. 1069. Before an equitable action, therefore, can be maintained by the person into whose hands has come money or property, a joint adventure, creating, at least, the elements of a partnership relation, must exist, under which the person seeking to maintain the action occupies to the other parties thereto a fiduciary relation as trustee.

The nearest approach in this complaint, however, to an averment that would authorize the interposition of equity, is a possible inference of a joint adventure. Beyond this, there is nothing in the complaint which shows a right thereto. There is no averment, in terms, that the transaction was a joint adventure for the account of all, nor that a partnership or other relation of trust and confidence existed,

except such as would arise out of a naked agency. Taking the complaint as a whole, its statements are quite as consistent with the fact that the plaintiff acted as the agent of the defendants as with the conclusion that he was a party to a joint adventure. The pleader seems to have carefully avoided making averment in terms of any of the matters which enable a court of equity to take jurisdiction of the action. We think that, in the absence of facts from which a necessary inference would arise authorizing the maintenance of an equitable action, the complaint is not sufficient. The inference of mere agency is quite as strong as is that of any other character, and for that reason we think the pleading fails to certainly aver the essential facts necessary to invoke the aid of a court of equity. When a pleading is susceptible of two meanings upon a material fact, the one most unfavorable to the pleader must be taken. Clark v. Dillon, 97 N. Y. 370. This rule finds pertinent application in this case. The statement of the complaint that an action is pending, which denies right in the plaintiff to participate in the money held by him, adds to the strength of the conclusion we have reached as its tendency is to show the interpretation which has been placed by the defendants upon the character of the transaction, and the plaintiff's allegations do not make a different case. The most that can be said of this complaint is that it has come up to the border line of essential averment, but has failed to cross it. We think, however, that the judgment below is erroneous in dismissing the complaint and rendering final judgment. The plaintiff should have leave to plead over.

The judgment should, therefore, be modified by sustaining the demurrer, with costs, with leave to the plaintiff to plead over within 20 days on the payment of costs of this appeal and in the court below. All concur.