payment of a few dollars costs obtain the much-coveted delay. "Such practice has lowered respect for and injured the administration of justice, and is also a wrong to diligent attorneys and litigants who conform to the rules of the court." Herbert Land Co. v. Lorenzen, 113 App. Div. 802, 99 N. Y. Supp. 937.

The defendant in the case at bar submitted an affidavit of merits on the motion, and an affidavit of its president to the effect that the plaintiff's claim is not a meritorious one, that the defendant is not indebted to the plaintiff for the services for which he sues, that a suit for several thousand dollars arising out of the contract between the parties is threatened, and that the result of this action would have a material bearing upon the other action which might be brought. In view of these circumstances, an absolute affirmation of the order might work serious injury to the interests of the defendant. The terms upon which the court below could relieve the defendant were not sufficiently onerous, however, and this is undoubtedly the reason the motion was not granted therein.

The order will therefore be affirmed, with costs, unless the defendant pays the costs of this appeal and $10 costs of motion in the court below within 10 days, and stipulates to try the case when reached upon the Municipal Court calendar. Appeal from judgment dismissed.

---

(52 Misc. Rep. 189)

## NEW YORK LIFE INS. CO. v. HAMILTON.

(Supreme Court, Special Term, New York County. December, 1906.)

1. PRINCIPAL AND AGENT—ACCOUNTING—PLEADING.

A complaint, alleging that moneys were received from plaintiff by defendant, an attorney employed by plaintiff, to be used on behalf of plaintiff and disbursed in its affairs, was insufficient to show that such moneys were received by defendant in a fiduciary capacity, so that an action could be maintained against defendant for an accounting in equity.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, §§ 166, 169.]

2. SAME.

Defect in a complaint for an accounting of moneys alleged to have been received by defendant, an attorney, to be used on behalf of plaintiff, in failing to show that the moneys were received in a fiduciary capacity, is not cured by an allegation that defendant gave receipts for such moneys, by the terms of which the moneys were to be accounted for, without an allegation that defendant had failed to render an account.

3. ACCOUNT—ACTION FOR ACCOUNTING—PLEADING—FIDUCIARY RELATION.

Where, in an action against defendant for an accounting as to moneys paid to him, to be used for the benefit of plaintiff, it is alleged that the moneys were to be used for purposes unknown to plaintiff, such allegation imports a gift, rather than the creation of a trust.

Action by the New York Life Insurance Company against Andrew Hamilton. Demurrer to complaint sustained.

Keener & Lewis (John G. Millburn, William A. Keener, and James H. McIntosh, of counsel), for plaintiff.

Neile F. Towner, for defendant.

BISCHOFF, J.   Viewed in the light afforded by the prayer for relief, the six causes of action set up in the complaint are for an accounting of funds alleged to have been placed in the defendan⌐s hands by the plaintiff corporation or to have come into his hands for the plaintiff's use.   The demurrer challenges the sufficiency of each cause of action for an accounting and raises the question of misjoinder, if some of the causes of action may be deemed to proceed for other relief.   To support an action for an accounting it must appear that the moneys were received by the defendant under circumstances which gave rise to some fiduciary relation, otherwise equity will not lay hold of the controversy (Marvin v. Brooks, 94 N. Y. 71;  Conger v. Judson, 69 App. Div. 121, 74 N. Y. Supp. 504) ; and the main question which arises is whether the averments before me meet the requirements of this rule.

The first cause of action sets forth the fact that the defendant, an attorney at law, "was employed at and during the times hereinafter mentioned as an attorney and counselor at law by the plaintiff in connection with matters relating to real estate, taxation, and legislation," and that, "in connection with his employment as aforesaid, the defendant received from the plaintiff on or about the dates hereinafter mentioned   *   *   *   the sums of money hereinafter mentioned, aggregating the total sum of $574,250, to be used and disbursed by him for and on behalf of the plaintiff in matters relating to the affairs of the plaintiff."   There follows a list of items of moneys, with dates covering a period of nine years, and it is also averred that the defendant has refused to account for the moneys, which, as alleged, were in no part received for services and disbursements as an attorney.   Since no facts are stated with regard to the purposes for which these moneys were paid to the defendant, it is apparent that the fiduciary character of the transactions must be found, if at all, in the circumstance that the defendant received the funds "in connection with his employment as an attorney and counselor at law by the plaintiff in connection with matters relating to real estate, taxation, and legislation," and this, in my view, is clearly not enough to support an action for an accounting.   We have merely the fact that the defendant was paid moneys in connection with his employment as an attorney.   The relation so far is declared to be simply that of principal and agent; the agency extending to the physical receipt of money.   The agent was an attorney at law employed by the principal, his client; but, in the absence of any facts to show that he was intrusted with the money for some particular purpose, involving some special reliance upon his integrity, the bare fact that he was employed as an attorney added nothing to the character of his agency nor the character of this indefinitely described bailment.   A client's remedy for an invasion of his rights, with respect to moneys in the hands of his attorney, is afforded by summary application to the court or by an appropriate action at law.   Weeks Attorneys, §§ 308, 309.   And an action in equity cannot be maintained by the client, except upon the ground that the accounts between the parties are unusually complicated. Crothers v. Lee, 29 Ala. 337.   So far as may be gathered from what is alleged in this first cause of action, then, an agency existed which might or might not have been of a fiduciary nature, according to the sur-

rounding circumstances; but, in the absence of a statement of those circumstances, the relation of the agent toward the principal must be deemed to have been other than fiduciary for the purposes of this demurrer. Conger v. Judson, supra. And there is presented merely a case of bailment involving an account which is not the subject of equitable cognizance. Marvin v. Brooks, 94 N. Y. 80; Mackenzie v. Johnston, 4 Mad. 373; Frue v. Loring, 120 Mass. 507; Miller v. Kent (C. C.) 16 Fed. 13; Crooker v. Rogers, 58 Me. 339; Hemmings v. Pugh, 4 Giff. 456; Bay City Bridge Co. v. Van Etten, 36 Mich. 210.

The second cause of action proceeds upon the same general allegations, but with the addition of the fact that the defendant received the sums of money therein referred to "giving receipts therefor, by the terms of which the moneys so received were to be accounted for." If this averment be taken as setting forth a right to an accounting by agreement, which, after default, a court of equity may enforce (Parker v. Pullman Co., 36 App. Div. 208, 216, 56 N. Y. Supp. 734), still no cause of action is stated, since it is not alleged that the defendant has failed or refused to render an account. The reference to and incorporation of paragraph 4 of the complaint as a part of this cause of action does not supply the omission, for that paragraph has to do wholly with the failure to account for the specific items detailed in the first cause of action and has no bearing upon other items, the particular moneys involved in the second cause of action. Where the relations of the parties are such that an account must be rendered, and equity has jurisdiction because of the very nature of the rights involved, it may be that a prior demand for an accounting is not a necessary condition to the statement of a cause of action (Ludingston v. Taft, 10 Barb. 447), although it has been intimated that even in such a case a demand and refusal should be alleged (Magauran v. Tiffany, 62 How. Prac. 251); but, where the court is asked to enforce performance of an agreement for an accounting simply, a breach of the agreement and the necessity for a judicial direction that it be performed are obviously essential elements of the cause of action.

The third cause of action is insufficient for the reasons stated with reference to the first cause of action. Here there is not only a failure to state the facts surrounding the defendant's receipt of the money and the purposes of the payment, but the plaintiff alleges that the moneys were "to be used for purposes unknown to the plaintiff." Rather than the creation of a trust relationship, this admission of the pleader suggests a transfer of its funds as a mere gift. The three alleged causes of action so far considered cannot be upheld as proceeding for money had and received, because of the absence of any facts from which a duty to return the money may be inferred, and I must hold that each of these causes of action is insufficient in substance.

Passing to the fourth cause of action, some actual facts are found to be averred, and, while there appears to be no case for an accounting—a single item only being involved—the allegations sufficiently present a cause of action for money had and received. According to these allegations the plaintiff drew its check to the defendant's order for an exact sum due for taxes, and which he was to use for the payment of

these taxes to the state; that thereafter $75,000 was paid upon these taxes by a check of the plaintiff drawn to the order of the comptroller, the defendant having paid only the difference between the two checks; and that the defendant has refused to account for the $75,000 which he did not pay over. From these facts there is a sufficient implication of the defendant's duty to return the sum of $75,000 received to the plaintiff's use, and a cause of action is stated which, although not in accord with the precise relief demanded, is proof against a demurrer. O'Brien v. Fitzgerald, 143 N. Y. 377, 38 N. E. 371. This cause of action is not necessarily one for conversion, since no words are employed to characterize the subject as a tort, and the pleading being at least equally open to the construction that the pleader intended to state a cause of action only upon the implied promise to return the money, the allegations are to be construed as presenting a case arising ex contractu. Goodwin v. Griffis, 88 N. Y. 629, 634.

The fifth and sixth causes of action are distinctly for money had and received to the plaintiff's use, in amounts exactly stated, and, while sufficient in law, the facts present no case for an accounting; there being no element of a fiduciary relation other than would be present in every case where a payment is made, in the course of business, to an attorney for his client, and as I have noted, this is not enough to draw the case into equity.

The first three causes of action being insufficient in substance, no question of a misjoinder of causes of action is actually presented. There are but three causes of action sufficiently stated—the fourth, fifth, and sixth—each for money had and received, and so properly joined. Code Civ. Proc. § 484, subd. 1. The intended but insufficient statement of other causes, which, if sufficient, could not perhaps be joined, does not disclose a misjoinder within the meaning of the Code (section 488, sub. 7). Logan v. Moore (Sup.) 54 N. Y. Supp. 462; Sullivan v. Railroad Co., 61 How. Prac. 490; Bedford v. Barnes, 45 Hun, 253.

Demurrer for insufficiency sustained, with costs as to the first, second, and third causes of action, with leave to the plaintiff to amend on payment of costs within 20 days.

Demurrer sustained, with costs as to first, second, and third causes of action, with leave to plaintiff to amend on payment of costs within 20 days.