JOHN H. EARLE, Respondent, *against* THE NEW YORK
LIFE INSURANCE COMPANY, Appellant.

(Decided June 18th, 1877.)

Whenever the purpose of a transaction by way of pledge or mortgage is satisfied,
the right of the pledgor to the surplus becomes absolute.

An insurance company having, after the death of a person insured, settled with
the pledgees of the policy by paying them the amount for which the policy had
been deposited with them by the insured as security, and having, as part of the
settlement, agreed to pay the surplus due on the policy to those lawfully entitled
to it:—*Held*, that the assignee of the executor of the insured could recover in an
action on the policy the amount of the surplus.

Such claim of the assignee,—*held* to be a purely legal claim for money due upon
contract, which the insurance company was liable to pay in full to the assignee,
without deduction for expense incurred by the company in resisting the un-
founded claims of other persons to the money due.

APPEAL by the defendant from a judgment of this court,
entered upon a verdict in favor of plaintiff, rendered at a
trial before Judge JOSEPH F. DALY, and a jury, and from
an order denying a motion for a new trial.

The facts are stated in the opinion.

*Henry E. Knox* and *S. R. Ten Eyck*, for appellant.

*Raphael J. Moses, Jr.*, for respondent.

ROBINSON, J.—The defendants were insurers in the sum
of five thousand dollars, upon a policy of life insurance
dated in December, 1870, and issued by them upon the life
of Daniel Ladd, a resident of the State of Florida, payable
to his legal representatives in sixty days after due notice and
satisfactory proof of his death. He died October 20th, 1872,
and due notice and satisfactory proof of his death were given
the defendants on the 19th of November, 1872, so that their
obligation to pay the amount of the insurance money to the
representatives of the insured, accrued on the 19th day of
January, 1873. The insured left a last will and testament

which was duly probated, and letters testamentary were issued thereon to George Ladd, as executor, in a court of the State of Florida, on the 25th day of October, 1872. The interest thereby vested in said executor was afterwards, on the 7th of May, 1874, transferred to the plaintiff. On the 12th of October, 1871, the insured transferred said policy by an assignment in absolute terms to Duncan & Johnson, as collateral security for the payment of the sum of $1,800, of which assignment and such special interest therein of Duncan & Johnson, notice was duly given the defendants, accompanying notice of the death of the insured. In February, 1873, Duncan & Johnson commenced an action in this court against the defendants for the recovery of said insurance money with interest from January 18th, 1873, which was on the 18th of April, 1873, settled by the payment to Duncan & Johnson of the sum of $1,975, without costs, as their *interest to date, in the policy of insurance*, and defendants thereupon covenanted with them to pay the balance due on the policy, after deducting lawful expenses to such persons as were lawfully entitled thereto, and also to indemnify Duncan & Johnson from liability growing out of a garnishment thereof served on them at the instance of any creditors of said Daniel Ladd. This payment, plaintiffs claim, exceeded what was due Duncan & Johnson ($1,800 and interest from October 20th, 1872,—$63—$1,863) by $131 50, but it is clear, they had a right to exact from the defendants, by virtue of the absolute assignment, the whole amount due upon the policy, and if what they received exceeded what was due them, they, and not the defendants, are liable for the excess. But this recognition of their special interest in the moneys due upon the policy and liquidation of the amount they insisted upon receiving, in respect to it, coupled with defendants' covenant (p. 33) "to pay the balance which is due upon said policy of insurance, after deducting any lawful expenses therefrom, to such person or persons as shall be entitled to said balance," was a complete severance of the rights of Duncan & Johnson from such as belonged to the legal representative of Daniel Ladd, and

ensured the payment of such balance to his legal representative. Wherever the purpose of a trust or lien, by way of pledge or mortgage, is satisfied, the right of the owner, pledgor, or remainder-man to the residue or surplus, then becomes absolute (*Selden* v. *Vermilya*, 3 N. Y. 525), and plaintiff's right to a recovery of such surplus, after satisfaction of the claim of Duncan & Johnson and recognition of the settlement became perfect. The amount due at the time of this settlement, was ($5,000 and interest for 4 months and 29 days, $136 10—$5,136 10, less $1,975) $3,161 10, and plaintiff was entitled to recover the same, unless divested of his interest, by some valid sequestration thereof, prior to the assignment, made to him by the executor of said Daniel Ladd, dated May 7th, 1874. In opposition to the plaintiff's claim as such assignee of the demand in suit, defendants present some proceedings in the State of Georgia, instituted by "Bemhard & Kayton," in November, 1872, against said George Ladd, executor, by way of attachment and garnishment, in the City Court of Savannah, being a mere notice directed to the defendants of garnishment, of a debt due by them to the legal representatives of Daniel Ladd, of what money, effect, property, real or personal, or evidences of debt, belong to said Daniel Ladd, in his life time, or to which his legal representatives had any claim, or to which they were entitled in the hands or possession of the defendants. No record of the proceedings upon which this notice of garnishment was issued is produced so as to entitle it to any consideration as a proceeding lawfully initiated and having any legal efficacy, but it is conceded such writ of garnishment was duly issued and served on the agents of the defendants at Savannah, on or about November 20th, 1872, and duly transmitted to the defendants at New Yale. It was also admitted that in November, 1872, the ordinary of Chatham county, in the State of Georgia, granted to Z. Falk authority to collect, gather, and keep together, the goods, chattels, and effects of said Daniel Ladd, *ad colligendum*, until legal administration thereupon should be granted. These proceedings were futile, as against the present claim.

The Civil Code of Georgia, providing for proceedings by way of attachment and garnishment (sec. 3277), which alone warrants such a proceeding against an administrator or executor of a deceased person for a debt due by him in his life time, only authorizes such process when a removal of the property of the deceased " without the limits of any county of the State " is attempted. This evidently has relation only to administrators or executors appointed by its local courts, and nothing beyond that is contemplated. No allusion is made to foreign administrators or executors authorized by courts of other States to take possession of assets of property of deceased persons who had resided out of such State. At common law, an executor was not authorized to sue, nor liable to be sued, in his official character, in any State or government but that from which he derived his authority (Wilkes, on Executors, 1614; Story, on Conflict of Laws, § 513) ; and there is nothing in the Georgia Statutes to which reference has been made (Civil Code, sec. 3288 to 3332) which indicates any innovation upon this principle of the Common Law. The attempt by any court of Georgia to garnish this claim existing in favor of an executor appointed by a court of the State of Florida against a corporation *of this State*, was of no effect. So, too, this claim being then held by Duncan & Johnson as collateral security, its garnishment was unauthorized by the laws of Georgia, as was held in *King* v. *Carhart* (18 Ga. 653), and authorities cited which are now contained in an enactment of its Civil Code of 1873 (§ 3551) in these words : " Collateral securities in the hands of a creditor, shall not be the subject of garnishment, at the instance of a creditor." This was upon ordinary common law principles, whereby the creditor became the legal owner of the debt, and was only bound to account as trustee to his debtor for so much as he realized after satisfaction of his claims upon the amount collected. So, too, the defendants fail to disclose how the claim could have been subjected to any proceedings to procure administration upon the estate of Daniel Ladd, or how the evidence offered on this subject was of

any legal efficacy as a defense. The defendants, after their settlement with Duncan & Johnson, were but debtors to the legal representatives of Daniel Ladd (whose rights are, without dispute, vested in the plaintiff) for the payment of the insurance money with interest, from January 18th, 1873, except as to the sum of $1,975, which they paid Duncan & Johnson, on the 13th of April, 1873. That balance, with interest to the date of trial, amounted to $4,128 31. No injustice has, therefore, been done the defendants by the verdict for $3,874 50.

There existed no defense to the claim of the representatives of Daniel Ladd to this balance, and although the defendants have been harassed in defending themselves from pretensions or claims, made by parties that were in no way legally entitled to exact from them any portion of the debt owing by them, their expenses incurred therein through the employment of counsel for that purpose or otherwise, constitute no lien or equitable claim upon the debt owing by them against their *true* creditor. That obligation possessed no characteristics of an equitable character, but was a pure legal demand for so much money due and owing upon their contracts. No garnishment of the debt in the State of Georgia was shown that could have been of any validity, either as against the executor of Daniel Ladd or the present claim of plaintiff or his assignee. There are no other points suggested on the part of the defendants, which should affect the recovery.

Judgment and order should be affirmed.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Judgment and order affirmed.