STEWART v. AUERBACH.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

ACCOUNT (§ 12*)—PLEADING—REMEDY AT LAW.

Plaintiff alleged that defendants owned a contract for the purchase of a large tract of land; that, under an agreement with defendants, he procured a purchaser who was accepted by defendants and to whom they conveyed the land; that defendants agreed to deliver to plaintiff half of the gross proceeds of the sale after deducting $12,000 called for by their contract to purchase; that the consideration received by defendants was of greater value than $12,000, but plaintiff did not know the exact nature or value of the consideration received, and that defendants have refused to account, and demanded that defendants account, and, if they had received more than $12,000, that they be de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

creed to pay plaintiff half of the excess so far as it was in money and to assign to plaintiff half of the excess received in other property. *Held,* that the complaint was demurrable as not showing that plaintiff had not an adequate remedy at law by action aided by examination of defendants to enable plaintiff to frame his complaint, and there being no fiduciary relation between the parties and no joint venture, and there being no facts alleged upon which specific performance might be decreed as to any part of the consideration not in money.

[Ed. Note.—For other cases, see Account, Cent. Dig. §§ 62–70; Dec. Dig. § 12.*]

Scott, J., dissenting.

Appeal from Special Term, New York County.

Action by William G. Stewart against Theodore E. Auerbach and William S. Heck. From an interlocutory judgment overruling a demurrer to the complaint, defendant Auerbach appeals. Reversed, and demurrer sustained.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Rolland R. Rasquin, for appellant.
Walter W. Irwin, for respondent.

LAUGHLIN, J.   The plaintiff alleges that pursuant to an agreement with the defendants, who owned a contract for the purchase of a large tract of land in Wayne county, Pa., he procured a purchaser for the land who was accepted by the defendants and to whom they conveyed the land; that defendants agreed that they "would deliver to the plaintiff one-half of the gross consideration remaining from the sale of the said contract to the said purchaser, after the defendants had paid the sum of twelve thousand dollars ($12,000), pursuant to the requirements of their said contract to purchase the said tract," that the consideration received by the defendants from the purchaser of the land "was of a greater value than twelve thousand dollars ($12,000), but plaintiff does not know the exact kind of consideration so received, whether in money, mortgage, notes, or either or all of them, or the exact value thereof," and that defendants have refused plaintiff's demand to account for the consideration received.   The relief demanded is that defendants account for the consideration received on the sale of the land to the purchaser procured by the plaintiff, and, if it be shown on the accounting that they received more than $12,000, they be decreed to pay to the plaintiff one-half of the excess, in so far as the same may be in money, and to assign to the plaintiff one-half the excess consideration, if any, received in other property.   The demurrer is upon the ground that the complaint fails to state facts sufficient to constitute a cause of action.

We are of opinion that the court erred in overruling the demurrer. It is not shown that the plaintiff has not an adequate remedy at law. On the facts alleged no accounting is required.   There was no fiduciary relation between the parties and no joint venture.   Plaintiff had no interest in the property.   He merely was to receive for his services one-half the consideration received by defendants after the deduction of

$12,000. On these allegations one-half of the consideration over said sum belongs to plaintiff, and, if he needs and is entitled to the intervention of a court of equity to obtain possession of or title to it, he should allege the requisite facts. It is only necessary for the plaintiff to show what consideration was received, and, if it was received in money and is in excess of $12,000, he would be entitled to recover one-half of such excess. If any part of the excess consideration received was property other than money, the plaintiff would, on the facts alleged, be entitled to recover one-half thereof. It is not shown whether any of the consideration was received in property other than money. If part of the consideration was other property which has no market value, it was incumbent on plaintiff to allege the facts upon which a court of equity might decree specific performance of the agreement of the defendants to deliver one-half thereof in excess of the amount agreed to be deducted; and, if part of the consideration was property with which plaintiff could only be vested with legal title to one-half or to a one-half interest by a formal assignment, the complaint should show the facts bringing the case within the cognizance of a court of equity. An examination of defendants to enable plaintiff to frame his complaint would have revealed facts showing whether plaintiff has an adequate remedy at law or requires the aid of a court of equity.

It follows, therefore, that the interlocutory judgment should be reversed with costs to appellant, and the demurrer sustained with costs, but with leave to plaintiff to amend on payment of the costs in this court and at Special Term.

INGRAHAM, P. J., and CLARKE and MILLER, JJ., concur.

SCOTT, J. I dissent. The contract as plaintiff alleges it is that defendant would deliver to him in specie one-half of the gross consideration received for the land, over and above a given sum. It is not a contract for the payment of money alone. I think that the case falls within the principle of Marston v. Gould, 69 N. Y. 220, and Marvin v. Brooks, 94 N. Y. 71.