WILLIAM R. MONTGOMERY, Respondent, *v.* WILSON M. SHEAR, Appellant, Impleaded with JESSE STEPHENS, Defendant.

First Department, March 8, 1918.

**Equity — suit for accounting — adequate remedy at law.**

Where in a suit to compel an accounting it appears that all the plaintiffs are entitled to, if anything, is a money judgment for a definite share of commissions paid to defendants by the sellers of land, the remedy at law is adequate and the complaint should be dismissed.

APPEAL by the defendant, Wilson M. Shear, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 5th day of January, 1917, upon the decision of the court after a trial at the New York Special Term, with notice of an intention to bring up for review the interlocutory judgment entered in said clerk's office on the 8th day of November, 1916.

*Jacob J. Alexander* of counsel [*H. L. Jacobson* and *H. W. Pollock* with him on the brief; *Sternberg, Jacobson & Pollock*, attorneys], for the appellant.

*Samuel Berzick*, for the respondent.

SCOTT, J.:

This action was instituted in equity for the purpose of compelling an accounting of what the plaintiff denominates a joint adventure. At the commencement of the action the defendant Shear, who is a non-resident, was arrested upon an order issued under the *ne exeat* provision of the Code of Civil Procedure (§ 550). The defendant Stephens was not served. The complaint alleged that the plaintiff had no adequate remedy at law, and this allegation was specifically denied by the answer.

The evidence showed that in March, 1916, the defendants held an oral option to purchase certain oil lands in the State of Kentucky, at the price of $200,000. They approached plaintiff and one Jackson, of whom plaintiff is assignee, and it appears to have been contemplated that plaintiff and Jackson and the defendants should purchase the property together, provided it should be favorably reported upon by an agent

suggested by plaintiff and Jackson. This expert, named MacNeille, visited the property and reported favorably upon the purchase. The parties all met and it then developed that the defendants were unable or unwilling to advance any part of the initial payment of $50,000 to effect the purchase. MacNeille then undertook to make the purchase himself, on his own account. He stated that he proposed to organize two companies to operate it, and offered to give plaintiff and Jackson and defendants each a small amount of stock in these companies.

It is quite clear that if the parties had ever entered upon a joint venture with regard to these oil lands, or had contemplated entering upon one, the whole scheme failed and ended at this point. This action is based upon the theory that defendants were to receive from the sellers of the lands compensation for making the sale in the shape of oil lands, machinery and concessions, and that plaintiff and Jackson were entitled to one-half of these. It is upon this theory that judgment has been given in plaintiff's favor.

The principal difficulty with the judgment is that it was clearly proven that the only compensation plaintiff and Jackson were to receive from the sellers was a cash payment of a percentage upon the price paid for the lands, and that the evidence fails to show that plaintiff and Jackson are entitled to any part of that commission.

As the case stood upon the trial at Special Term, before the entry of the interlocutory judgment, all the plaintiff and Jackson were entitled to, if anything, was a money judgment for a definite sum, to wit, one-half of the commissions paid to defendants by the sellers of the land. To recover this jurisdiction at law was complete, and the remedy adequate, and no case was made for the interposition of equity. (*Stewart* v. *Auerbach*, 148 App. Div. 222.) The plaintiff, therefore, failed to make out the cause of action sued upon, and upon which he had improperly procured the arrest of the defendant Shear.

The objection that plaintiff had an adequate remedy at law, and hence that an action in equity could not be maintained was taken not only by the denial in the answer already referred to, but also by the motions to dismiss made at the

close of the plaintiff's case and again at the close of the whole case.

It follows that the judgment appealed from must be reversed and the complaint dismissed, with costs in all courts.

CLARKE, P. J., SMITH, PAGE and SHEARN, JJ., concurred.

Judgment reversed and complaint dismissed, with costs in all courts. Order to be settled on notice.