ANNA J. PELKEY, Appellant, *v.* MICHAEL J. PELKEY, Respondent.

Fourth Department, June 29, 1932.

*Marsh & Van Duser*, for the appellant.

*J. Donald Whelehan*, for the respondent.

THOMPSON, J. The determination of this appeal turns upon the question whether certain facts alleged as a counterclaim are sufficient to make out a cause of action for an equitable accounting. The counterclaim avers that plaintiff and defendant opened two joint bank accounts under an agreement that the deposits made by defendant in one account and all the moneys of the other account were to be and remain his separate property; that plaintiff withdrew from the account first mentioned more than she deposited, and large sums from the second, the exact amount of such withdrawals being unknown to defendant; that plaintiff collected rents from property owned by defendant, in amounts also unknown, and failed to turn them over; that plaintiff promised but has failed to pay to defendant the moneys so withdrawn from the joint bank accounts and the rents collected. Upon these facts, defendant asks for an accounting to show the amounts withdrawn by plaintiff from the joint bank accounts, the amounts of rents and other income collected by her from property owned by defendant, and for judgment against plaintiff and in his favor for the balance found due. The basis for an equitable action for an accounting is the existence of a fiduciary or trust relation with reference to the subject-matter of the controversy. (*Marvin* v. *Brooks*, 94 N. Y. 71, 80; *Abbey* v. *Wheeler*, 85 Hun, 226, 229; appeal dismissed, 170 N. Y. 122.) A bare agency is not sufficient. It must appear that the person from whom the accounting is required has been intrusted with the custody and control of the property of another, with all the powers incident and necessary thereto, and in pursuance thereof has exercised such powers for the owner. No particular words are necessary to create the relation. (*Symmers* v. *Carroll*, 207 N. Y. 632, 637.)

There is no allegation here from which even an agency, much less a trust or fiduciary relationship, can be inferred so far as the bank accounts are concerned, the facts charged being in effect that plaintiff, in violation of her contract, had withdrawn, collected, used and failed to return moneys belonging to defendant. In the

rent transaction, it does not appear that plaintiff had authority to collect them, nor is it claimed that she wrongfully collected them, the only facts pleaded being that she had in fact collected the rents, and although promising to repay them, had not done so. There is no allegation of any duty to be performed by the plaintiff in respect to either the bank accounts or the rent. She is not charged with withdrawing moneys from the bank accounts or collecting rent money *for defendant,* or that she was to disburse or account for any such to him. The clear meaning of the whole pleading is that plaintiff is indebted to defendant for moneys taken from the bank accounts, which were the property of defendant, and which the plaintiff had a colorable but not legal right to withdraw, and for moneys that she collected by way of rents upon defendant's property, promising to turn them over and failing to fulfill her promise. The facts alleged show that defendant has an adequate remedy at law. For this reason the counterclaim should be dismissed. (*Montgomery* v. *Shear,* 182 App. Div. 238; *Jackson* v. *Strong,* 222 N. Y. 149.) If defendant lacks information of the amounts he claims plaintiff has taken from the bank accounts, and rents collected, belonging to him, he has a remedy. (Civ. Prac. Act, §§ 288, 295; Rules Civ. Prac. rules 122–133; *Fur & Wool Trading Co., Ltd.,* v. *Fox, Inc.,* 245 N. Y. 217; *Green* v. *Selznick,* 220 App. Div. 12.)

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to defendant to amend on payment of costs.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendant to serve an amended answer within twenty days upon payment of the costs of the motion and of this appeal.