SOUTH SHORE THRIFT CORPORATION, Appellant, *v.* NATIONAL BANK OF FAR ROCKAWAY, Respondent.

Second Department, April 9, 1937.

*Donald L. Newborg*, for the appellant.

*Joseph F. Finkelstein*, for the respondent.

JOHNSTON, J. The plaintiff, as security for a loan of $10,000, made to it by the defendant, pledged a certain bond and mortgage. Plaintiff, having failed to pay the note, the defendant, without notice to plaintiff, sold the collateral to one Brand. Plaintiff brought an action against the bank and Brand, alleging, notwithstanding the fact that the terms of the note required no notice of sale, that in selling the collateral without notice the bank violated an oral agreement that it would not foreclose the collateral without giving " reasonable notice." A motion by the bank to strike out certain parts of the complaint was denied, and an appeal from the order of denial was taken but not prosecuted. A·motion by Brand to strike out the complaint was granted, the complaint being " dismissed on the merits in its entirety." On appeal by plaintiff, the judgment entered in favor of Brand was affirmed (245 App. Div. 754).

Plaintiff then brought this equity action against the bank for an accounting of the surplus arising from the sale of the collateral. On defendant's motion an order and judgment were entered dismissing the complaint on the merits. The court held that the allegations of the complaint in the instant case are substantially the same as those contained in the complaint in the prior action; that if the judgment dismissing the complaint on the merits in its entirety in the prior action is conclusive as to the bank, that judgment is *res judicata;* and if not broad enough to include a dismissal as to the bank, there is still an action pending between the same parties for the same cause. The appeal is by plaintiff from the judgment dismissing the complaint.

Upon this appeal the parties treat the prior judgment dismissing the complaint on the merits in its entirety as conclusive as to the defendant herein, so that the question involved is whether the prior judgment is a bar to the maintenance of this action. I think not. There the plaintiff contended the sale of the collateral was invalid because it was made in violation of an oral agreement. Here plain-

tiff proceeds on the theory that the sale was valid and that defendant has misappropriated the proceeds. The causes of action are thus " different * * * in the rights and interests affected," and they have not " such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first." (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 307.)

An action for an equitable accounting may not be maintained unless a fiduciary or trust relationship exists with reference to the subject-matter. (*Pelkey* v. *Pelkey*, 236 App. Div. 55.) At the time plaintiff borrowed the $10,000 from defendant and deposited the mortgage as collateral security for the loan, the relation of·debtor and creditor was created. When the defendant sold the collateral upon plaintiff's default it was only exercising the right given to it under the agreement of deposit, and no change in the status of the parties was effected. If there were a surplus, as plaintiff claims, defendant was obligated by the terms of the agreement to return it to plaintiff. Defendant's application of the surplus to pay the indebtedness of Segaller, as alleged by plaintiff, was not a breach of trust, express or implied, but merely a breach of the terms of the written agreement of deposit, for which plaintiff has an adequate remedy at law. If plaintiff lacks information as to the amount of the surplus, it has a remedy. (Civ. Prac. Act, §§ 288, 295; Rules Civ. Prac. rules 122–133; *Pelkey* v. *Pelkey, supra.*)

The judgment should be modified by striking from the decretal part thereof the words " on the merits in its entirety " and by adding thereto a provision that the dismissal is without prejudice to plaintiff's right to institute an action at law if it be so advised, and as so modified affirmed, with ten dollars costs and disbursements to appellant.

ADEL, TAYLOR and CLOSE, JJ., concur; LAZANSKY, P. J., dissents and votes to affirm without modification, with the following memorandum: The surplus on the sale of collateral belongs to the pledgor. He may begin an action in equity for an accounting or sue at law for money had and received. (*Toplitz* v. *Bauer*, 161 N. Y. 325, at p. 333; *Earle* v. *New York Life Ins. Co.*, 7 Daly, 303, at pp. 305, 306; *Sharp* v. *Rose*, 66 Hun, 627; Jones on Collateral Securities [3d ed.], § 649; 2 Paton's Digest, 2191.)

Judgment modified by striking from the decretal part thereof the words " on the merits in its entirety " and by adding thereto a provision that the dismissal is without prejudice to plaintiff's right to institute an action at law if it be so advised, and as so modified affirmed, with ten dollars costs and disbursements to appellant.