■ GERTRUDE E. ALLEN et al., on Behalf of Themselves and All Other Cottage Owners and Lessees at Thousand Island Park, Town of Orleans, Similarly Situated, Respondents, v. THOUSAND ISLAND PARK CORPORATION, Appellant.— Judgment insofar as appealed from unanimously modified on the law and facts in accordance with the Memorandum and as modified affirmed, without costs in this appeal to any party. Memorandum: Plaintiffs brought this class action for a declaration of their rights as lessees of cottage lots in the Summer community owned and maintained by defendant corporation, as those rights are established by their leases, by the corporate charters of defendant and its predecessor and by chapter 278 of the Laws of 1883, which vested certain powers in the prior corporation. Although a principal issue raised by the pleadings was the effect of provisions in the foregoing documents and statute limiting the annual assessment which the corporation might impose on lot lessees to 3% of the original purchase price of the leases, upon the trial plaintiffs conceded that the defendant was not bound by the limitations last mentioned but could make reasonable assessments for services provided. The trial court declared that the right of defendant to impose reasonable assessments did not permit the collection of assessments for the purposes of paying for capital improvements, maintaining depreciation accounts, early retirement of mortgage obligations and income taxes. We believe that the assessments were properly levied to cover normal operating expenses which include capital improvements, depreciation accounts, mortgage payment and income taxes, provided that the assessments represented a reasonable charge for the services and facilities

furnished. The corporation was not limited to recovering from lot lessees simply the actual current cost of providing services, although such cost would be a factor to be considered in determining the reasonableness of the assessments imposed. Defendant's certificate of incorporation authorizes the collection of assessments for the purpose of paying designated items and "such other expenses" as might be lawfully incurred, provided only that the right to assess is reserved in the leases. That reservation does appear in each lease held by a lot lessee and there is no limitation therein upon the purposes for which it may be made. Thousand Island Park, the Summer community owned and maintained by defendant, is an established community of Summer residences which has been in existence for over half a century and for which defendant has been providing water and sewerage service, sidewalks, police and fire protection, a library, dock and recreation facilities. We conclude that expenses incurred to furnish capital improvements and to provide for their replacement through depreciation accounts, as well as the discharge of mortgage obligations, are expenses lawfully incurred. We do not agree with the determination by Trial Term that the stockholders are trustees for the benefit of the lot lessees. Plaintiffs own only leasehold interests in their individual cottage lots, together with the right — conceded by defendant — to the use and enjoyment of the facilities provided by defendant. Absent a trust or fiduciary relationship, defendant should not have been required to give an accounting to plaintiffs (see *Pelkey* v. *Pelkey*, 236 App. Div. 55; 1 N. Y. Jur., Accounts and Accounting, § 20, p. 164). Inasmuch as plaintiffs sought only a legal declaration of the parties' rights and did not attempt to offer any proof as to unreasonableness of specific assessments imposed by defendant, the judgment below should be modified by (1) striking out the provision for an accounting and for injunctive relief pending the accounting, and by (2) declaring that the assessments which may be levied by defendant are not limited to 3% of the original purchase price of the leases but may be a reasonable charge for the services and facilities provided, and that the purposes for which such assessments may be imposed include capital improvements, maintenance of depreciation accounts, early amortization of mortgage obligations and income taxes. This decision is without prejudice to plaintiffs bringing such further action as may be available to them to challenge the reasonableness of specific assessments. (Appeal from certain parts of judgment of Jefferson Special Term declaring rights under certain leases.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.